## W. E. Russell, Appellant, v. Charles E. Moran, Appellee.

MORTGAGES—*when assumed by grantee. Held,* that an assumption of an existing mortgage contained in a deed of conveyance, though ambiguous, upon a reasonable construction obligated the grantee to pay the principal of the notes secured as well as accrued interest and taxes to the date of the conveyance.

Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 20, 1911.

G. W. SALMANS, for appellant.

H. I. GREEN, for appellee; W. M. ACTON, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The circuit court sustained demurrer to the declaration in this cause. The plaintiff elected to abide thereby. The court thereupon entered judgment in bar of the action and against the plaintiff for costs, whereupon the plaintiff appealed. The only question involved is whether the declaration was obnoxious to demurrer. The material allegations thereof, in substance, are that the plaintiff on December 5, 1908, sold,

conveyed and warranted to the defendant certain real estate, for a consideration of $2500, subject to certain mortgages for the sums of $1,000 and $450 respectively, to interest upon the same, and to the taxes then due upon said real estate, which said mortgages, interest and taxes were a part of the purchase price of said real estate; and that the amounts thereof were deducted therefrom and payment thereof assumed by the grantee, the defendant, and that he then and there agreed to pay the same; that said agreement of assumption was inserted in the deed of conveyance of the property, in the following words: "Subject to two mortgages, one 'for $1,000 held by the Trustees of Schools, town 23, north, ranges 10 and 11 west, 2 P. M. Also 2d mortgage of $450 to Oliver Morgan on the above described property subject to interest and taxes to date which the grantee assumes and agrees to pay."

The declaration further alleges that afterward the holder of the Morgan note and mortgage for $450 took judgment on said note against the plaintiff and his wife, for the sum of $522.37 and costs of suit including attorney fees as provided in said note; that the plaintiff was compelled to and did pay the amount of said judgment, whereby the defendant became liable to pay to him the amount thereof, etc.

It is contended by the defendant in support of his demurrer, that by virtue of the foregoing clause the defendant did not assume and agree to pay the note and mortgage in question; that the averment to that effect contained in the declaration is but a mere conclusion of the pleader, and that the facts averred do not show any liability against the defendant. We are of opinion that while the language is somewhat ambiguous, under a fair and reasonable construction of the clause above quoted, the conclusion that the defendant assumed and agreed to pay the principal of the notes secured by the two mortgages described, as well as

accrued interest upon the same and the taxes upon the real estate to the date of the conveyance, is warranted. It follows that when the plaintiff was compelled to pay the Morgan note, the defendant in turn became liable to reimburse him.

The declaration stated a good cause of action and the circuit court erred in sustaining a demurrer to the same.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*